UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **PASSION STEWART,**<br><br>   **Plaintiff,**<br><br>      v.<br><br>**UNITED STATES POSTAL SERVICE,**<br><br>   **Defendant.** | Civil Action No. 21-2573 (JEB) |

## MEMORANDUM OPINION

Unhappy about how her local post office is handling her packages, Plaintiff Passion Stewart brought this *pro se* action against the United States Postal Service seeking damages. USPS now moves to dismiss, invoking multiple jurisdictional barriers. Agreeing with at least one, the Court will grant the Motion.

I.   **Background**

Stewart's allegations, which the Court must accept as true, are quite pithy. She claims that a USPS employee "constantly scans [her packages] as delivered" but keeps them for pick-up at the Minnesota Avenue, Northeast, Post Office or improperly scans them as held per customer request. See ECF No. 1-1 (Superior Court docs.) at 9 (Compl.). Her Complaint seeks $20,000 in damages. Id. at 10. In her Opposition to Defendant's Motion to Dismiss, facts of which the Court also accepts as true, see Brown v. Whole Foods Market Group, Inc., 789 F.3d 146, 152 (D.C. Cir. 2015), Plaintiff alleges the forging of her grandmother's signature for a package and other fraud with her packages by her post office. See ECF No. 6 (Opp.) at 1. She there seeks $250,000. Id.

1

The case was initially filed on August 2, 2021, see Sup. Ct. docs at 8, but USPS removed it to this Court on October 4, 2021. See ECF No. 1 (Notice of Removal). Defendant now moves to dismiss.

## II. Legal Standard

When a defendant brings a Rule 12(b)(1) motion to dismiss, the plaintiff must demonstrate that the court indeed has subject-matter jurisdiction to hear her claims. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992); U.S. Ecology, Inc. v. U.S. Dep't of Interior, 231 F.3d 20, 24 (D.C. Cir. 2000). "Because subject-matter jurisdiction focuses on the court's power to hear the plaintiff's claim, a Rule 12(b)(1) motion [also] imposes on the court an affirmative obligation to ensure that it is acting within the scope of its jurisdictional authority." Grand Lodge of Fraternal Order of Police v. Ashcroft, 185 F. Supp. 2d 9, 13 (D.D.C. 2001). For this reason, "'the [p]laintiff's factual allegations in the complaint . . . will bear closer scrutiny in resolving a 12(b)(1) motion' than in resolving a 12(b)(6) motion for failure to state a claim." Id. at 13–14 (quoting 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1350 (2d ed. 1987)) (alteration in original). In policing its jurisdictional borders, the court must scrutinize the complaint, treating its factual allegations as true and granting the plaintiff the benefit of all reasonable inferences that can be derived from the alleged facts. See Jerome Stevens Pharms., Inc. v. FDA, 402 F.3d 1249, 1253 (D.C. Cir. 2005). The court need not rely "on the complaint standing alone," however, but may also look to undisputed facts in the record or resolve disputed ones. See Herbert v. Nat'l Acad. of Sci., 974 F.2d 192, 197 (D.C. Cir. 1992).

**III.     Analysis**

In seeking dismissal, USPS raises a number of jurisdictional hurdles, of which the Court need consider only one — exhaustion under the Federal Tort Claims Act.  "[S]uits for damages against the United States under the common law must be brought pursuant to the limited waiver of sovereign immunity in the FTCA."  Benoit v. U.S. Dep't. of Agric., 608 F.3d 17, 20 (D.C. Cir. 2010).  Sovereign immunity, moreover, "is jurisdictional in nature."  FDIC v. Meyer, 510 U.S. 471, 475 (1994).  In order to obtain a waiver of such immunity, a plaintiff must, under the FTCA, "have exhausted his administrative remedy before filing suit."  Benoit, 608 F.3d at 20 (citations omitted); see also McNeil v. United States, 508 U.S. 106, 113 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies."); Ali v. Rumsfeld, 649 F.3d 762, 775 (D.C. Cir. 2011) (failure to exhaust administrative remedies in FTCA case jurisdictional).

In order to satisfy the FTCA's administrative-exhaustion requirements, a plaintiff must first present her claim in writing to the appropriate federal agency within two years of the claim's accrual.  See 28 U.S.C. § 2401(b).  Stewart has not mentioned anything in her Complaint or Opposition about doing so, and "informal complaints or requests to [an agency] do not suffice" for the purposes of administrative exhaustion.  Davis v. United States, 944 F. Supp. 2d 36, 39 (D.D.C. 2013); see also Grant v. Sec'y, U.S. Dep't of Veterans Affs., No. 03-5260, 2004 WL 287125, at *1 (D.C. Cir. Feb. 4, 2004) (rejecting appellant's argument "that his informal letter of complaint to the Director of the Veterans' Administration Medical Center was sufficient to satisfy the FTCA's administrative exhaustion requirement").

The Government, moreover, supplies a sworn declaration stating that the United States Postal Service has never received an administrative complaint from Plaintiff.  See ECF No. 3-2

(Declaration of Kimberly A. Herbst), ¶ 4.  Her failure to submit such a complaint under the FTCA thus deprives this Court of subject-matter jurisdiction.  See Davis, 944 F. Supp. 2d at 39; see also Henderson v. Ratner, No. 10-5035, 2010 WL 2574175, at *1 (D.C. Cir. June 7, 2010) (affirming dismissal of FTCA claim where "[a]ppellant failed to demonstrate that he exhausted his administrative remedies before filing suit in the district court").

### IV.   Conclusion

For the foregoing reasons the Court will grant Defendant's Motion to Dismiss.  A separate Order so stating will issue this day.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date:  October 15, 2021